UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

FARUQ ABDUL RAZZAQ, #316906,

    Petitioner,

v.                                      CIVIL ACTION NO. 2:04cv676

GENE M. JOHNSON, Director of the
Virginia Department of Corrections,

    Respondent.

### UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), Rule 72(b) of the Federal Rules of Civil Procedure, and Rule 72 of the Local Civil Rules of the United States District Court for the Eastern District of Virginia.

### I. STATEMENT OF THE CASE

#### A. Background

Petitioner Faruq Abdul Razzaq ("Razzaq") was convicted in the Circuit Court for the City of Portsmouth, Virginia, of unlawful concealment, third offense on November 18, 2002. On January 10, 2003, the Court imposed a sentence of five years with one year suspended.

Razzaq appealed to the Court of Appeals of Virginia, which

denied the petition for appeal on September 4, 2003. A three-judge panel of the Virginia Court of Appeals, granted Razzaq's petition for appeal and affirmed the conviction by unpublished decision on March 23, 2004. His subsequent petition for appeal was denied by the Supreme Court of Virginia on July 23, 2004. Razzaq did not file a petition for a writ of certiorari with the United States Supreme Court seeking review of the Virginia Supreme Court's denial of his direct appeal. Razzaq also apparently did not file a petition for a writ of habeas corpus in any state court.

On November 10, 2004, while in the custody of the Virginia Department of Corrections at Pulaski Correctional Center in Dublin, Virginia, Razzaq filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Attached to this petition are two copies of a state petition for a writ of habeas corpus executed on September 21, 2004. On December 9, 2004, the respondent filed a Motion to Dismiss and Rule 5 Answer, accompanied by a Brief in Support. Razzaq did not file a response to respondent's answer.

### B. Grounds Alleged

Razzaq now asserts in this Court that he is entitled to relief under 28 U.S.C. § 2254. Razzaq claims:

>    (a) Exhibit 2 from his trial was insufficient evidence of two prior convictions;
>
>    (b) ineffective assistance of counsel, in that defense counsel failed to make clear that the prosecution had insufficient evidence with regards to the testimony of the arresting officer and witnesses and the evidence of two

    prior convictions;

    (c) the trial court based his decision on "assumptions" and "acted on his whim."

## II. **ANALYSIS**

Ordinarily, a state prisoner must exhaust remedies available in state court before seeking federal habeas corpus relief. 28 U.S.C. § 2254(b) and (c); Picard v. Conner, 404 U.S. 270, 275 (1971). As such, the Court cannot grant habeas relief unless the petitioner has exhausted the remedies available to him in the courts of Virginia. See O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). "Section § 2254(c) requires only that state prisoners give state courts a _fair_ opportunity to act on their claims." Id. at 844. (emphasis in original). A petitioner has to present the substance of each claim during state proceedings. Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997). A petitioner also "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan, 526 U.S. at 845. If a claim has been addressed by the state's highest court on either direct or collateral review, it is exhausted. Id. at 844 (citing Brown v. Allen, 344 U.S. 443, 447 (1953). The Court notes that it is Razzaq's burden to prove that his claims have been exhausted. Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997).

Razzaq's petition contains both exhausted and unexhausted claims. Claims (a) and (c) concerning trial court error were

3

presented to the state appellate courts, including the Virginia Supreme Court, and thus are exhausted under O'Sullivan.

Claim (b) concerning ineffective assistance of counsel was not raised in Razzaq's direct appeals. It appears that Razzaq did not file a petition for a writ of habeas corpus in any state court although such relief is available pursuant to Section 8.01-654 of the Virginia Code and Rule 5:7 of the Rules of the Supreme Court of Virginia. The Court notes that although Razzaq enclosed copies of a state petition for a writ of habeas corpus in the Circuit Court of the City of Portsmouth, executed on September 21, 2004, he did not file this state habeas petition. The respondent represents that the Portsmouth Circuit Court and the Virginia Supreme Court have informed counsel that they have no record of such a petition. Respondent's Brief at 2 n.1. Furthermore, in his federal petition Razzaq indicates that he has not sought collateral review of his conviction.

In Rhines v. Weber, 125 S.Ct. 1528 (Mar. 30, 2005), the United State Supreme Court recently addressed how "mixed" petitions including both exhausted and unexhausted claims should be handled by district courts. Rhines noted the "interplay" between the one-year statute of limitations in the Antiterrorism and Effective Death Penalty Act (AEDPA), codified at 28 U.S.C. § 2244(d)(1), and the requirement in Rose V. Lundy, 455 U.S. 509(1982) to dismiss the entire petition without prejudice in order to effectuate the

4

requirement of "total exhaustion." Rhines, 125 S.Ct. at 1533. Petitioners who come to federal court with a "mixed" petition "run the risk of forever losing their opportunity for any federal review" of their claims if the district court dismisses the case without prejudice close to or after the limitations period has expired. Id.

Rhines also noted that some district courts have adopted a "stay and abeyance" procedure to deal with this problem: the court stays the petition and holds it in abeyance while the petitioner returns to state court with his unexhausted claims. Id. at 1534. Rhines recognized that this procedure frustrated AEDPA's twin purposes: encouraging finality of state court judgments and streamlining federal habeas proceedings by encouraging petitioners to exhaust all their claims in state court before filing a federal petition. Id. at 1534-1535.

For these reasons, Rhines ruled that stay and abeyance should be available only in limited circumstances and only within reasonable time limits established by the district court. Id. at 1535. Stay and abeyance is only appropriate when (1) "there was good cause for the petitioner's failure to exhaust his claims first in state court;" (2) the claim is not "plainly meritless;" and (3) "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." Id. at 1535.

In this case, dismissal of Razzaq's entire petition so that he

5

can exhaust clam (b) in state court on collateral review will not "unreasonably impair the petitioner's right to obtain federal relief." See id. Razzaq still has several months before the AEDPA one-year limitation period ends in October 2005 and the limitations period will be tolled while state post-conviction review is pending provided that his applications are properly filed.[1]  The Court also notes that a stay and abeyance would be inappropriate because Razzaq does not have good cause for failing to exhaust his claims in state court.

---

[1] The statute of limitations for actions under 28 U.S.C. § 2254 is provided in 28 U.S.C. § 2244(d)(1)(A):

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . .

Thus, under 28 U.S.C. § 2244(d)(1), Razzaq has one year from the date on which his conviction became final to file a petition for federal habeas corpus.  His conviction became final on October 21, 2004, ninety days after the July 23, 2004 denial of his appeal by the Supreme Court of Virginia and the date upon which the period for seeking direct review of his conviction by the United States Supreme Court expired.  See U.S. Sup. Ct. R. 13(1); Harris v. Hutchinson, 209 F.3d 325, 328 n.1 (4th Cir. 2000).  Therefore, Razzaq has one year from October 21, 2004 to file his federal petition for a writ of habeas corpus.  The Court also notes that Razzaq will be able to toll the running of the limitation period during the time in which a properly filed application for state post-conviction review remains pending.  28 U.S.C. § 2244(d)(2); Pace v. DiGugliemo, 544 U.S. __, 2005 WL 957194 (Apr. 27, 2005); Artuz v. Bennett, 531 U.S. 4, 8 (2000).

### III. RECOMMENDATION

For the foregoing reasons, the Court recommends that Razzaq's petition for writ of habeas corpus be DENIED, the respondent's motion to dismiss be GRANTED, and all of Razzaq's claims be DISMISSED WITHOUT PREJUDICE.

The petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003).

### IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the petitioner is notified that:

1. Any party may serve upon the other party and file with the Clerk specific written objections to the foregoing findings and recommendations within ten (10) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(e) of said rules. A party may respond to another party's specific objections within ten (10) days after being served with a copy thereof. See Fed. R. Civ. P. 72(b).

2. A district judge shall make a de novo determination of

those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Carr v. Hutto</u>, 737 F.2d 433 (4th Cir. 1984); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

ENTERED this 16th day of May, 2005.

                                                      /s/
                                     F. Bradford Stillman
                                     United States Magistrate Judge

## **CLERK'S MAILING CERTIFICATE**

A copy of the foregoing Report and Recommendation was mailed this date to the following:

Faruq Abdul Razzaq,  #316906
Pulaski Correctional Center
P.O. Box 1188
Dublin, Virginia 24084


Stephen R. McCullough
Assistant Attorney General
Office of the Attorney General
900 East Main Street
Richmond, Virginia 23219

                                      Elizabeth H. Paret, Clerk


                      By: _____
                           Deputy Clerk

                           May    , 2005